# Alexander *et al.* v. Wheeler.

*Action of Ejectment under the Statute.*

1. *Writ of habere facias possessionem embracing more land than is recovered in the judgment will be quashed on defendants motion.*—Where plaintiff brought ejectment to recover land described in the complaint as half of a quarter section and the jury found him entitled to one acre of said tract, but the verdict also defined the boundaries of the said one-half of the quarter section and the judgment entered thereon read, "We, the jury, find for the plaintiff for the lands embraced in the complaint containing about one acre"; describing the same and following the verdict in the recital of the boundary line; there was nothing in the verdict to show that plaintiff recovered to that line, and a writ of *habere facias possessionem* issued on the judgment for the one acre and the other land, described in the complaint, should be quashed on the defendants motion.

APPEAL from the Circuit Court of Cleburne.

Tried before the Hon. LE ROY F. BOX.

The complaint in this suit is as follows: "The plaintiff, Calvin M. Wheeler, sues the defendants, George W. Alexander and Anna Alexander, to recover the following tract of land, to-wit: The west half of the northeast fourth of section ten, township thirteen, of range eleven, situated in Cleburne county, Alabama, of which he was possessed before the commencement of this suit," etc. On September 5, 1889, upon the trial of said cause, the jury returned the following verdict: "We, the jury, find for the plaintiff the nook in the northwest corner of the N. E. quarter of the west ½ of the northeast ¼ of sec-

tion 10, township 13, range 11, making the old original fence row that existed between them the lines, and assess the rental value of said nook with the interest thereon, at $56.98.'' Upon this verdict the following judgment was rendered : "Came the parties, by their attorneys, this, the 5th day of September, 1889, and issue being joined, whereupon came a jury of good and lawful men, to-wit, John D. Walker and eleven others, who, having been duly impaneled, sworn, and charged according to law, do, upon their oaths, say : 'We, the jury, find the issue for the plaintiff for the lands embraced in the complaint, and known as the "Nook," containing about one acre, in the northeast corner of the west half of the northeast quarter of section ten (10), township thirteen (13), of range eleven (11), in Cleburne county, Alabama, and assess the plaintiff's damages for the rents and occupation at the sum of fifty-six 98–100 dollars. And we further find that the original fence row, beginning at the points from where it leaves the nook of one acre on the northeast corner of said eighty acres of land, and running thence west to the northwest corner of said original fence row; thence south, to the center of said section, along said original fence row ; and thence, along said original fence row, east to the Big creek—are the true northern, western, and southern boundary lines of the W. ½ of the N. E. ¼ of section 10, township 13, range 11, except as to the boundary line of the one acre nook.' It is therefore considered by the court that the northern, western and southern boundary lines of the W. ½ of northeast quarter of section ten (10), township thirteen (13), range eleven (11) west, of the one-acre nook in the northeast corner of said land, begins at a point where the original fence row adjoins said one-cre nook, and runs thence west to the northwest corner of said original fence row, along the fence row; thence, along the original fence row, south to the center of the section ; thence, along the original fence row, east to the Big creek. And it is further considered by the court that the plaintiff have and recover of the defendant one acre of land lying and being in the northeast corner of the west half of the northeast quarter of section ten (10), township thirteen (13), of range eleven (11), in Cleburne county, Alabama, and known as the 'Nook,' and all the costs in this

behalf expended, for which let execution issue." On March 31, 1891, the following writ of possession was issued : "To Any Sheriff of the State of Alabama, Greeting : You are hereby commanded to deliver to Calvin M. Wheeler possession of the lands and tenements which the said Calvin M. Wheeler recovered of George W. Alexander by the judgment of our circuit court held for the county of Cleburne, on the 5th day September, 1889, viz. the northern, western, and southern boundary lines of the W. $\frac{1}{2}$ of northeast quarter of section ten (10), township thirteen (13), range eleven (11) west, of the one-acre nook in the northeast corner of said land, begin ning at a point where the original fence row adjoins said one-acre nook, and runs thence west to the northwest corner of said original fence row along the fence row ; thence, along the original fence row, south to the center of section ; thence, along the original fence row, east to the Big creek. And it is further considered by the court that the plaintiff have and recover of the defendant one acre of land lying and being in the northeast corner of the west $\frac{1}{2}$ of the northeast quarter of section ten (10), township thirteen (13), range eleven (11), in Cleburne county, Alabama, and known as the 'Nook.' " This writ was executed April 2, 1891, by putting said Wheeler in possession of the one-acre nook. Subsequently, on February 20, 1894, the following writ of possession was issued : "You are hereby commanded to deliver to C. M. Wheeler possession of the lands and tenements which the said said C. M. Wheeler recovered of G. W. Alexander by the judgment of our circuit court held for the county of Cleburne on the 5th day of September, 1889, viz. beginning at a point where the original fence row adjoins the one-acre nook in the northeast corner of the west half of the northeast quarter of section ten, township 13, range 11, in Cleburne county, Ala., and runs thence west to the northwest corner of said original fence row, along the fence row ; thence, along the original fence row, south to the center of the section ; thence, along the originel fence row, east to the Big creek,—said original fence row being the true northern, western, and southern boundary lines of said west half of the northeast quarter of section ten, township 13, range 11, in said county and state." This writ of possession was executed on March 6, 1894, and the

following indorsement was made thereon, "I have, on this 3d day of March, 1894, placed C. M. Wheeler in possession of the W. ½ of the N. E. ¼ of section 10, township 13, range 11, to the original fence row on the northern, western, and southern boundary lines of said lot of land, to the Big creek, on southern boundary line ; said original fence row being the true northern, western, and southern boundary lines of said lot of land, except a nook of one acre, more or less, in the N. E. corner of said 80 acres, of which said nook the said C. M. Wheeler has heretofore been placed in possession." Subsequently to the recovery of judgment and the issuance of the first writ of possession, G. W. Alexander, the defendant in the ejectment suit, sold and conveyed the lands, and John M. Lipham and T. J. Treadaway claimed the lands under coveyances from the said G. W. Alexander. After the execution of the last writ of possession, G. W. Alexander, J. M. Lipham, and T. J. Treadaway, on March 10, 1894, filed their joint motion to quash the said last writ of possession, and supersede the same, and prayed to have the lands therein described restored to their possession. Upon the hearing of all the evidence upon this motion the circuit court overruled the said motion. The petitioners appeal from this judgment, and assign the same as error. The plea referred to in the opinion of the court after stating the caption of the case proceeds as follows, "And now comes the defendant and for answer to the plaintiffs complaint says that the true western boundary of the land sued for is &c. (setting forth the western, southern and northern boundaries, and then proceeds) and the defendant avers that if he should be mistaken in this, and any part of the lands sued for extend over the lines herein before described, the defendant avers that he and those under whom he claims have been in adverse possession of the said land so extending over and beyond the lines herein before named for more than ten years next before the bringing of this suit. And defendant pleads not guilty as to the nook in the northeast corner of the land sued for consisting of one acre more or less &c.

AIKEN & BURTON for the appellants.

MERRILL & BRIDGES for the appellee.

COLEMAN, J.—The appeal presents for review the correctness of the judgment of the circuit court, overruling a motion to quash a writ of *habere facias possessionem* issued by the clerk of the circuit court. In September, 1889, C. M. Wheeler, the appellee, recovered a judgment in the statutory action of ejectment against G. W. Alexander. This judgment will appear in the statement of the case. The clerk issued a writ of possession in March, 1891, which was executed by the sheriff. The return of the sheriff shows that by virtue of this writ of possession C. M. Wheeler was put in possession of one acre of land lying in the north-east corner of the one-eighth of the section sued for, and denominated a "nook." In February, 1894, upon the motion and at the request of the said Wheeler, the clerk issued a second writ of possession, and acting under this writ, the sheriff dispossessed Alexander of other lands, than the one acre in the nook, and put Wheeler in possession of a strip of land on the border of the northern, western and southern line of the west half of the north-east quarter of section 10, this eighty acres being the lands described in the complaint. The question of merit is, whether the judgment of the court upon the verdict of the jury in the ejectment suit authorized the clerk to issue a writ of possession for more than the one acre called the nook. We are of opinion that the one acre described in the judgment is all that the plaintiff recovered in that action. The verdict of the jury undertook to find where the northern, western and southern boundary line of W. $\frac{1}{2}$ of N. E. $\frac{1}{4}$ of section ten was located, and the judgment of the court, following the verdict, adjudged such to be the boundary lines. There is nothing in the verdict nor in the judgment, which shows that plaintiff recovered to that line or recovered other than the one acre of land. When the sheriff executed the writ issued in March, 1891, by putting the plaintiff Wheeler in possession of the acre of land in the nook, the judgment of the court as to the land recovered was satisfied.

The special plea of the defendant, and the replication of the plaintiff in the ejectment suit have contributed to the confusion which has grown out of the verdict and judgment. They were inappropriate. The case should have been tried upon the general issue, and the verdict and judgment should have been more specific. The

contention of the parties at this time, as to where the boundary line was established by the verdict and judgment of the court, illustrates the inappropriateness of the issues upon which the ejectment suit was determined. We cannot aid either party in this proceeding. Several questions have been argued, but the question decided disposes of the case.

The court erred in overruling the motion to quash the writ.

Reversed and remanded.